GRINNELL BROTHERS *v.* MOY.

1. CHATTEL MORTGAGES—RECORDING LAWS FOR BENEFIT OF SUBSE-
QUENT AND NOT PRIOR PURCHASERS.

   The purchaser of a piano at a chattel mortgage fore-
   closure sale took only the interest of the mortgagor, who
   had bought it on a title-retaining contract, where said
   chattel mortgage was executed prior to the purchase of
   the piano and covered after-acquired property, and it is
   immaterial that the sales contract was not recorded as
   a chattel mortgage, since the recording laws are intended
   for the protection of subsequent and not prior purchasers
   and creditors.[1]

2. SAME—REPLEVIN.

   Where the purchaser of a piano at a chattel mortgage
   foreclosure sale took only the interest of the mortgagor
   who was in default in payment under the sales contract,
   and refused to pay the balance due, the original seller
   was entitled to possession in replevin proceedings.[2]

3. STATUTES—CONSTITUTIONAL LAW—STATUTE NOT VOID BECAUSE
IT AMENDS OTHER SECTIONS BY IMPLICATION WITHOUT RE-ENACT-
ING SAME.

   Act No. 416, Pub. Acts 1919, amending section 5, chap. 67,
   Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, §
   14182), by re-enacting and publishing it at length, is not
   in violation of section 21, art. 5 of the Constitution because
   other sections of said statute, notably section 14333, were
   thereby amended by implication without being re-enacted
   and published at length.[3]

4. SAME—UNCERTAINTY—JUSTICES' COURTS OF DETROIT—REPLEVIN.
   Act No. 416, Pub. Acts 1919, is not void for uncertainty,
   but its provisions are applicable to the justices' courts
   of the city of Detroit established under Act No. 475, Local
   Acts 1903, and a writ of replevin issued thereunder is
   therefore valid.[4]

[1]Chattel Mortgages, 11 C. J. §§ 191, 193, 520; Sales, 35 Cyc.
p. 689; [2]Id., 11 C. J. § 520 (1926 Anno); [3]Statutes, 36 Cyc. pp.
1060, 1063; [4]Id., 36 Cyc. p. 969.

5. SAME—CLASS LEGISLATION.
    Nor is said act void as class legislation.[5]

Error to Wayne; Richter (Theodore J.), J.    Submitted December 5, 1924.    (Docket No. 17.)    Decided April 3, 1925.

Replevin in justices' court by Grinnell Brothers against Sam H. Moy and another for the possession of a piano.    There was judgment for plaintiff, and defendants appealed to the circuit court by writ of certiorari.    Judgment for defendants.    Plaintiff brings error.    Reversed, and judgment ordered to be entered for plaintiff.

*Thomas G. Long* and *William L. January*, for appellant.

*Max Kahn* (*Leopold D. Mayer*, of counsel), for appellees.

*William Van Dyke, amicus curiæ.*

CLARK, J.    On February 7, 1922, plaintiff sold a piano and bench to defendant Moy, receiving the following instrument:

                                "February 7, 1922.
    "$655.00.
    "For value received, I promise to pay to the order of Grinnell Brothers, at their store, 245-247 Woodward avenue, Detroit, Michigan,
    "Six hundred fifty-five dollars as follows: $100.00 cash, Feb. 7, 1922, balance in monthly installments of fifty or more dollars each commencing March 7, 1922, with interest annually at six (6) per cent.
Inst.        Premier        Style, Grand        No. 27464 with bench; Residence: 28 W. Adams.
    "I hereby agree, that the title to the above described property, for which this note is given, is and shall

---

[5]Statutes, 36 Cyc. p. 1013.

remain, in the said Grinnell Brothers, and under their direction until paid for in full.    I also agree to keep the said instrument insured for the benefit of the said Grinnell Brothers, as their interest may appear, and that said property shall not be removed from my present residence without their written consent, and that they shall have the power to retake said property at any time after default in payment, or failure on my part to keep any of the promises or agreements herein contained, and whatever has been paid shall be forfeited for wear and tear, rent and expenses of taking the same, and for any damages and expenses they may have been put to on my account or in making this sale or by reason of such failure and forfeiture, and in case sufficient has not been paid at such time of retaking to cover an ordinary rental for said property, as well as all damages and all expenses said Grinnell Brothers may have been put to, then said Grinnell Brothers shall have the right to collect such deficiency. The said Grinnell Brothers shall have the right to replace the said property in case any rightful fault shall be found with that described above.
(Signed)    "SAM H. MOY."

The paper, or a true copy thereof, was not filed as a conveyance intended to operate as a mortgage of goods and chattels (3 Comp. Laws 1915, § 11988). Moy placed the piano and bench in his place of business.    Theretofore, and on October 7, 1921, he had given a chattel mortgage to Albert Pick & Company for $22,000, covering "a schedule and inventory of articles and chattels" then on his premises.    The piano and bench, of course, were not included in such schedule and inventory.    Said chattel mortgage contained a clause covering future acquisitions, as follows:

"Also all goods, chattels, etc., purchased for, added to or used in connection with the above, acquired in the future in said business at said premises—Providing, however, that this clause shall not be intended to cover any more than any equity of the purchaser in and to any property that may be subsequently acquired

and be in said premises upon which there shall be placed purchase money liens."

The mortgage was duly filed.     Pick & Company foreclosed its mortgage, and sold at foreclosure sale the piano and bench to defendant Carleton Cafe Company.     Moy defaulted in payments to plaintiff.     Carleton Cafe Company would not pay. Plaintiff, to recover its piano and bench, brought replevin in justice's court.     A judgment for plaintiff was reviewed in circuit court on certiorari, where defendants had judgment.     Plaintiff brings error.

Counsel for plaintiff request that, in deciding whether the instrument first quoted is one of conditional sale or one for security in the nature of a mortgage, the question be considered at length and the cases reviewed for the benefit of counsel and others.     But that has been done by Mr. Justice WIEST in a like case.     *Burroughs Adding Machine Co.* v. *Wieselberg, ante,* 15.

We find it unnecessary to decide that question.     If the instrument was one of conditional sale, it was valid as against defendants, though not filed, and plaintiff was entitled, under its terms, to possession of the property.     If it was a conveyance in the nature of a chattel mortgage, void as against creditors of the mortgagor and subsequent purchasers or mortgagees in good faith, because not filed (3 Comp. Laws 1915, § 11988), plaintiff nevertheless was entitled to possession of its property as against defendants.     The creditors of Moy, if any, as to whom the instrument in question, if a mortgage, was void because not filed, are those who extended credit during the time the paper was withheld from record.     *Baker* v. *Parkhurst,* 119 Mich. 542; *Peter Schuttler Co.* v. *Gunther,* 222 Mich. 430.     Pick & Company was not a creditor who might complain.     It became a secured creditor of Moy months before the piano and bench were pur-

chased.    Carleton Cafe Company was not a purchaser in good faith.    The after-acquired property clause of Pick & Company's mortgage reached and covered only Moy's interest in the piano and bench.    Pick & Company could sell no greater interest to a purchaser at its foreclosure sale.    The rule is well stated in *United States* v. *New Orleans Railroad*, 12 Wall. (U. S.) 362:

"A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time.    It only attaches to such interest as the mortgagor acquires; and if he purchase property and give a mortgage for the purchase-money, the deed which he receives and the mortgage which he gives are regarded as one transaction, and no general lien impending over him, whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase-money.    And in such cases a failure to register the mortgage for purchase-money makes no difference.    It does not come within the reason of the registry laws.    These laws are intended for the protection of subsequent, not prior, purchasers and creditors."

See, also, *Chafey* v. *Mathews*, 104 Mich. 103 (27 L. R. A. 558) ; *Wood* v. *Holly Manfg. Co.*, 100 Ala. 326 (13 South. 948, 46 Am. St. Rep. 56) ; *Daly* v. *Railway Co.*, 55 N. J. Eq. 595 (38 Atl. 202) ; *Hammel* v. *First Nat. Bank of Hancock*, 129 Mich. 176.

But defendants contend that the replevin proceeding is void because the writ was made returnable 13 days from date instead of not more than 12 days, as required by 3 Comp. Laws 1915, § 14333, and that Act No. 416, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 14182), then in force (later amended by Act No. 13, Pub. Acts 1923), providing that such writ

may be made returnable not more than 21 days from issuance thereof, is unconstitutional.

The title of Act No. 416:

"An act to amend section five of chapter sixty-seven of Act number three hundred fourteen of the Public Acts of nineteen hundred fifteen, entitled (here follows title in full of the judicature act), being section fourteen thousand one hundred eighty-two of the Compiled Laws of nineteen hundred fifteen, and to repeal all acts or parts of acts, general or local, inconsistent herewith."

The act does just what it set out to do, it amends, re-enacts and publishes at length said section.    It is said that because in so doing other sections of the statute, notably said section 14333, are amended by implication without being also re-enacted and published at length, section 21 of article 5 of the Constitution has been violated, which we quote in part:

"No law shall be revised, altered or amended by reference to its title only; but the act revised and the section or sections of the act altered or amended shall be re-enacted and published at length."

This is answered by *People* v. *Mahaney*, 13 Mich. 481, 496:

"If, whenever a new statute is passed, it is necessary that all prior statutes, modified by it by implication should be re-enacted and published at length as modified, then a large portion of the whole code of laws of the State would require to be republished at every session, and parts of it several times over, until, from mere immensity of material, it would be impossible to tell what the law was.    If, because an act establishing a police government modifies the powers and duties of sheriffs, constables, water and sewer commissioners, marshals, mayors and justices, and imposes new duties upon the executive and the citizen, it has thereby become necessary to re-enact and republish the various laws relating to them all as now modified, we shall

find, before the act is completed, that it not only embraces a large portion of the general laws of the State, but also that it has become obnoxious to the other provisions referred to, because embracing a large number of objects, only one of which can be covered by its title."

It is urged that the act is void for uncertainty because it is made applicable to "justices' courts having a clerk and three or more justices," and that there is no such organization in this State.    Act No. 475, Local Acts 1903, established justices' courts in the city of Detroit, provided for four justices, for the appointment of a clerk of the justices' courts for Detroit to be nominated by the justices, for the making of certain rules by the justices, for the assignment of cases for trial, and defining and fixing powers, duties, etc.    The validity of this act is not questioned. Several of its provisions have been passed upon.    (See cases cited under the act in Shepard's Michigan Citations.)

Chapter 241, 3 Comp. Laws 1915, provides for justice courts in certain other cities, for the election of two justices, for the appointment of a clerk to be known as "the clerk of the justices' court of........" (the city where the court is located), and as to powers and duties.    See, also, 3 Comp. Laws 1915, § 14756. These statutes show a legislative purpose to expedite the business of such courts by requiring co-ordination, system and direction in the discharge of duty.    Doubts must be resolved, if possible, in favor of the constitutionality of the act.    We think that said Act No. 416 is not void for uncertainty and that it is applicable to the justices' courts of Detroit established under said Act No. 475.    That this is class legislation is answered by *MacQueen* v. *Port Huron City Com'n*, 194 Mich. 328; *Burton* v. *Koch*, 184 Mich. 250; *Lundstrom* v. *Township of Ellsworth*, 196 Mich. 502.

Other questions suggested as to the act do not require discussion here.    The act is valid, to the extent at least that the writ of replevin in the case at bar must be sustained.

Judgment reversed, with costs to plaintiff.    As only questions of law are involved, which have been determined, the cause is remanded with direction to affirm the judgment entered in the justices' court.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.