CENTRAL MUTUAL INS. CO. OF CHICAGO *v.* KALAMAZOO CIRCUIT JUDGE.

1. Mandamus—Questions Reviewable—Constitutionality of Act Amending General Insurance Law.

Question as to whether or not act, amendatory of the general insurance law and providing for use of insurance policy or surety bond in lieu of appeal bond in order to stay proceedings pending appeal, was unconstitutional as not within scope of title of general insurance law is not decided on mandamus to compel circuit judge to accept policy, where the question was not raised when policy was sought to be filed, not stated in the questions submitted and presented only casually and unconvincingly (Act No. 45, Pub. Acts 1935).

2. Appeal and Error—Stay of Proceedings—Substitute for Appeal Bond—Solvency of Insurer.

Insurance policy or surety bond of company authorized to do business in this State and whose license therefor is not revoked must be accepted by trial court in lieu of appeal bond, where there is compliance with statutory conditions as to the substitute; the solvency of such insurer or surety not being a matter into which a trial court may inquire either before or after acceptance of such substitute bond or policy (3 Comp. Laws 1929, § 14527, Act No. 45, Pub. Acts 1935).

3. COSTS—MANDAMUS—CIRCUIT JUDGE.

> No costs are allowed insurer which successfully sought writ of mandamus to compel circuit judge to set aside order revoking stay of execution upon its filing insurance policy and admitting liability thereunder to insured on appeal from judgment against him, where revocation order was issued after insurer was alleged to be insolvent (Act No. 45, Pub. Acts 1935).

Mandamus to compel George C. Weimer, Kalamazoo circuit judge, to set aside an order revoking order staying proceedings on appeal. Submitted November 28, 1936. (Calendar No. 39,241.) Writ granted December 9, 1936.

*Mason, Sharpe & Stratton,* for plaintiff.

*Howard, Howard & Howard,* for defendant.

FEAD, J. Martha Spillman, administratrix, had judgment against Earl Weimaster for injuries in the operation of a motor vehicle. Weimaster took an appeal and, instead of furnishing the bond for stay of execution provided by 3 Comp. Laws 1929, § 14527, his insurer, Central Mutual Insurance Company of Chicago, entered into the engagement permitted by Act No. 45, Pub. Acts 1935, an amendment to the general law relating to surety and insurance companies. On stipulation of parties, an order for stay was entered. Thereafter, on motion of Spillman and upon her claim that the insurance company was insolvent, the court set aside the order of stay, on the ground that the insurance company had changed its financial position and was not solvent. The company had been authorized to do business in this State and the insurance commissioner has not revoked its license although he has conducted an investigation into its financial condition.

The question is whether the court may investigate and determine the solvency of an insurance company and refuse to accept or continue its engagement under Act No. 45, Pub. Acts 1935, in case of adverse finding. The act provides:

"Sec. 33a. Whenever an appeal is taken from any judgment in any case wherein it shall appear to the court that all or a part of the particular liability of the appellant thereunder is insured against, in and by any surety company or insurance carrier, authorized to do such business in Michigan, and the court is satisfied of the applicable coverage of such policy or suretyship, it shall not be required of the appellant to provide any appeal bond or bond to stay execution pending such appeal, but such insurance carrier or surety company may be required by the court and is hereby given authority to execute its written recognizance to the opposite party or parties for the payment of the taxable costs of such appeal: Provided, such surety company or insurance carrier shall deposit with said court a copy of said insurance policy or bond and shall admit its liability thereunder, and agree to pay such judgment against its insured, if any, as shall be affirmed by said appellate court, but not exceeding the amount of the liability under said policy or bond; and in such case the court having jurisdiction thereof, on its own motion, may enter judgment against said surety company or carrier to such extent without further proceedings."

Spillman's counsel represent defendant. They suggest that Act No. 45, Pub. Acts 1935, may be unconstitutional as not within the scope of the title to the original act.* But, as the point was not raised in circuit court, is not stated in the questions sub-

---

* See Const. 1908, art. 5, § 21.—Reporter.

mitted, and was presented only casually, and not convincingly, we do not pass upon it.

We may agree with many of the arguments of defendant that the act ought to be otherwise than it is in order properly to protect a plaintiff. But we cannot change it by construction. The insurance commissioner is invested with authority to pass upon the solvency of foreign companies and has power to make audits and investigations therefor. The court is given neither the power nor the means to determine such question. It is a matter wholly within the jurisdiction of another branch of the government and the act contains nothing which decreases that jurisdiction. Nor does Act No. 45, Pub. Acts 1935, tie in with the general provisions for bond on stay of execution under 3 Comp. Laws 1929, § 14527. We think it clear that the language of the act and the intention of the legislature are to the effect that the court must accept, as qualified under the act, any "surety company or insurance carrier, authorized to do such business in Michigan."

Writ of mandamus will be issued, if necessary, to require the court to set aside the order revoking the stay, but without costs.

North, C. J., and Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.