CHECKER MUTUAL AUTOMOBILE INSURANCE COMPANY
v. WAYNE CIRCUIT JUDGE.

1. STATUTES—AMENDMENT BY IMPLICATION—CONSTITUTIONAL LAW.
   Statutes which amend others by implication are not within the
   prohibition of the Constitution which requires the sections
   amended to be re-enacted and published at length (Const 1908,
   art 5, § 21).

2. SAME—INSURANCE CODE—IMPLIED AMENDMENT TO JUDICATURE
   ACT—CONSTITUTIONAL LAW.
   Statute adding section to insurance code, which permitted use of
   insurance policy of defendant's insurer to be used in lieu of an
   appeal or stay bond did not violate provision of Constitution
   requiring amendment of a section by re-enactment and publi-
   cation at length merely because it impliedly amended a section
   of the judicature act relating to stay bonds on appeal (CL
   1948, §§ 522.33a, 622.23).

3. APPEAL AND ERROR—STAY OF EXECUTION.
   Regulations concerning stay of execution on appeal are statutory,
   hence the legislature may impose reasonable regulations as a
   requisite for a stay of proceedings (CL 1948, § 622.23).

4. EXECUTION—STAY BOND—AMOUNT.
   The legislature may provide for a stay bond upon furnishing
   security in any amount in its discretion.

5. SAME—INSURANCE POLICY—STAY OF EXECUTION.
   Circuit judge properly refused to accept insurance policy of one
   defendant as security for stay of execution against another
   defendant who was a stranger to the insurance policy.

REFERENCES FOR POINTS IN HEADNOTES
[3] 3 Am Jur, Appeal and Error, § 539.
[4–6] 3 Am Jur, Appeal and Error, §§ 486, 492.
[7] 14 Am Jur, Costs, § 91.

6. SAME—INSURANCE—STAY OF EXECUTION—AMOUNT OF INSURANCE
POLICY.

> Circuit judge's refusal to accept insurance policy wherein limit
> of insurer's liability was $5,000 as sole security for stay of
> proceedings on insured's appeal from judgment against him
> in the amount of $10,000 was error in view of statute author-
> izing acceptance of such type of policy in lieu of bond (CL
> 1948, §§ 522.33a, 622.23).

7. COSTS—CONSTRUCTION OF STATUTES.

> No costs are awarded in action wherein the construction of a
> public act is involved.

Mandamus by Checker Mutual Automobile Insur-
ance Company, a Michigan corporation, to compel
Guy A. Miller, Wayne Circuit Judge, to vacate order
denying stay in law cases. Submitted April 10, 1951.
(Calendar No. 44,985.) Writ granted in part June
4, 1951.

*Edward N. Barnard,* for plaintiff.

*William J. McBrearty,* for defendant.

SHARPE, J. This petition for writ of mandamus
involves the power of a circuit judge to deny a stay
of proceedings upon the filing of a copy of an insur-
ance policy as provided for under PA 1917, No 256,
pt 3, ch 2, § 33a, added by PA 1935, No 45 (CL 1948,
§ 522.33a [Stat Ann 1943 Rev § 24.297]).

On October 11, 1950, judgments were entered in
the case of Catherine Hodgdon *v.* Stanley M. Barr
and Jim Stankye in the amount of $10,000 and in
the case of Fred Hodgdon *v.* Stanley M. Barr and
Jim Stankye in the amount of $2,000 in the circuit
court of Wayne county. An appeal was taken by
defendants to the Supreme Court in both of these
cases. On October 31, 1950, plaintiff herein, Checker
Mutual Automobile Insurance Company, insurer of
Stankye, filed its petition in each case for a stay of

execution pending appeals under the provisions of PA 1917, No 256, pt 3, ch 2, § 33a, added by PA 1935, No 45 (CL 1948, § 522.33a [Stat Ann 1943 Rev § 24.297]), before Judge Guy A. Miller, one of the judges of the circuit court of Wayne county.

The petition for a stay reads as follows:

"Checker Mutual Automobile Insurance Company, a Michigan Insurance Corporation, for and in behalf of the above named defendants and appellants, respectfully show the court as follows:

"1. That an appeal from the judgment entered on the 11th day of October, A.D. 1950, in said cause was taken to the Supreme Court of the State of Michigan, on behalf of the defendants, Stanley M. Barr and Jim Stankye, on or about October 26, 1950, by filing a claim of appeal in accordance with the rules and practice of this court, and that petitioner is duly authorized to make this application.

"2. That the liability of the defendants and appellants is insured against by the Checker Mutual Automobile Insurance Company, a Michigan insurance corporation, the petitioner herein, duly authorized to do such business in the State of Michigan, and that attached hereto is a true copy of said policy of insurance.

"3. Checker Mutual Automobile Insurance Company, a Michigan insurance corporation, admits its liability to the assured under said policy and agrees to pay the judgment entered against the said insured in said cause if the same is finally affirmed by the appellate court, but not exceeding the amount of its liability under said policy.

"Wherefore, pursuant to PA 1917, No 256, pt 3, ch 2, § 33a, as added by PA 1935, No 45 (CL 1948, § 522.33a [Stat Ann 1943 Rev § 24.297]), petitioner prays that upon the filing of a true copy of said policy of insurance this court enter an order staying execution in said causes pending said appeal."

On November 6, 1950, the trial court denied the application for a stay of proceedings and in an opinion stated:

"My conclusion is that PA 1935, No 45 cannot be construed as amending or limiting the effect of CL 1948, § 622.23 (Stat Ann § 27.1453), which is above cited. The utmost effect that can be given to it is that it shall be read parallel to the provisions of that section, and that it shall authorize the acceptance of insurance policies up to their face amount in making up the amount of bonds on appeal in favor of the beneficiary under the policy in question.

"My ruling on this motion is that the $5,000 policy may be considered in making up a full $15,000 security in favor of the beneficiary of the policy, but that it cannot be considered as making up any security by way of stay of proceedings in favor of the other defendant who is not secured by that policy. For this purpose the 2 judgments may be lumped together and considered as a single judgment.

"An order may be entered to that effect."

Upon petition, we entered an order to show cause why a writ of mandamus should not issue to which Judge Miller filed an answer and return. Pending a determination of the proceedings in mandamus we issued a stay against the execution of the judgments.

PA 1935, No 45, reads as follows:

"Whenever an appeal is taken from any judgment in any case wherein it shall appear to the court that all or a part of the particular liability of the appellant thereunder is insured against, in and by any surety company or insurance carrier, authorized to do such business in Michigan, and the court is satisfied of the applicable coverage of such policy or suretyship, it shall not be required of the appellant to provide any appeal bond or bond to stay execution pending such appeal, but such insurance carrier or surety company may be required by the court and is

hereby given authority to execute its written recognizance to the opposite party or parties for the payment of the taxable costs of such appeal: *Provided,* Such surety company or insurance carrier shall deposit with said court a copy of said insurance policy or bond and shall admit its liability thereunder, and agree to pay such judgment against its insured, if any, as shall be affirmed by said appellate court, but not exceeding the amount of the liability under said policy or bond; and in such case the court having jurisdiction thereof, on its own motion, may enter judgment against said surety company or carrier to such extent without further proceedings."

This act amends PA 1917, No 256, pt 3, ch 2, subd 6, the insurance code, by adding a new section to stand as section 33a.

The act does not expressly refer to CL 1948, § 622.23 (Stat Ann § 27.1453), which covers the subject of stay of proceedings and provides that no stay shall issue upon any judgment "unless the party applying for such stay, if judgment shall have been rendered against him, shall execute to the adverse party a bond with sufficient sureties in such sum as the circuit judge, before whom the cause was tried, shall designate, conditioned to pay such judgment if the same is not set aside or reversed and that if a writ of error is issued in said cause that the appellant shall prosecute his writ to effect and shall pay and satisfy such judgment as shall be rendered against him thereon."

There can be no question but that section 33a (PA 1935, No 45) amends by implication the act relating to stay of proceedings. The trial court held that if PA 1935, No 45, is interpreted as amending by implication the act relating to stay of proceedings, it would be in violation of article 5, § 21 of the State Constitution which provides, in part: "No law shall embrace more than 1 object, which shall be ex-

pressed in its title. No law shall be revised, altered
or amended by reference to its title only; but the act
revised and the section or sections of the act altered
or amended shall be re-enacted and published at
length," in that the section amended was not re-
enacted and published in full; and that such object
of the act was not embodied in its title. We have
repeatedly held that section 21 of article 5 of the
Constitution does not apply when the amendment is
accomplished by implication. In *People, ex rel.
Drake,* v. *Mahaney,* 13 Mich 481, we held that stat-
utes which amend others by implication are not with-
in the prohibition of the Constitution which requires
the sections amended to be re-enacted and published
at length.

See, also, *People, ex rel. Harrington,* v. *Wands,* 23
Mich 385; *Swartwout* v. *Michigan Air Line Railroad
Co.,* 24 Mich 389; *Burton* v. *Koch,* 184 Mich 250;
*Grinnell Brothers* v. *Moy,* 230 Mich 26.

In 50 Am Jur, § 214, p 192 *et seq.,* it is said:

"The constitutional provision that no law shall be
revised, altered or amended by reference to its title
only, but that so much of the act as is revised, al-
tered, or amended, shall be re-enacted and published
at length, or that no law shall be amended unless the
new act contains the section or sections amended,
and the section or sections so amended shall be re-
pealed, does not apply to an act which is not an
amendatory one, but which is independent legisla-
tion, original in form and complete within itself.
Where an act of the legislature is complete and in-
dependent in itself, it may change or modify the pro-
visions of existing statutes without violating the
constitutional provision under consideration—the
constitutional provision does not prevent new legis-
lation that may incidentally affect older laws without
setting forth all the laws that may incidentally be
affected by the new ones; a statute amending an-
other statute by mere implication need not refer

to the statute it so amends. *A fortiori,* the constitutional provision does not apply to supplemental acts which simply add something to the law without conflicting with, or modifying, the original act."

We conclude that the constitutional requirement in the case at bar was not violated by failure to re-enact and publish the section amended by implication.

The regulations concerning stay of execution on appeal are statutory. The legislature may impose reasonable regulations as a requisite for a stay of proceedings. In CL 1948, § 622.24 (Stat Ann § 27.1454), it is provided that no bond need be given for a stay if the party applying for the same is unable to furnish bond by reason of poverty. Also a bond may be dispensed with in the case of a fraudulent judgment (CL 1948, § 619.16 [Stat Ann § 27.1126]). In our opinion the legislature may provide for a stay bond upon furnishing security in any amount in its discretion.

In *Central Mutual Ins. Co.* v. *Kalamazoo Circuit Judge,* 278 Mich 221, we had occasion to discuss the purpose and power of the legislature in enacting section 33a (PA 1935, No 45). We there said:

"We may agree with many of the arguments of defendant that the act ought to be otherwise than it is in order properly to protect a plaintiff. But we cannot change it by construction. The insurance commissioner is vested with authority to pass upon the solvency of foreign companies and has power to make audits and investigations therefor. The court is given neither the power nor the means to determine such question. It is a matter wholly within the jurisdiction of another branch of the government and the act contains nothing which decreases that jurisdiction. Nor does PA 1935, No 45, tie in with

the general provisions for bond on stay of execution under CL 1929, § 14527.*"

In the case at bar the judgments were against Barr and Stankye in the amounts of $2,000 and $10,000. Stankye was insured to the extent of $5,000 by the insurance company, plaintiff herein. Barr was not insured. The act provides:

"Whenever an appeal is taken from any judgment in any case wherein it shall appear to the court that all or a part of the particular liability of the appellant thereunder is insured against * * * it shall not be required of the appellant to provide any appeal bond or bond to stay execution pending such appeal."

The act in question applies only to "the appellant" whose particular liability is insured against. It does not apply to an appellant not so insured. It follows that the circuit judge was correct in refusing to accept the insurance policy for Barr, who is a stranger to the insurance policy, but the act does provide for the acceptance of the policy of insurance for and in behalf of Stankye who is insured under the policy.

A writ of mandamus will be issued, if necessary, to require the court to accept the insurance policy for stay proceedings in behalf of Stankye. No costs will be awarded as the construction of a public act is involved.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.

---

* CL 1929, § 14527 is CL 1948, § 622.23.—REPORTER.