MAYNE *v.* SAGINAW CIRCUIT JUDGE.

APPEAL AND ERROR—INSURANCE POLICY AS STAY BOND—DISCRETION OF COURT.

    Insurer's unconditional acknowledgment of its liability on $5,000 policy of insurance, as applied to judgment of $25,000 against insured, constituted a stay bond on appeal, the acceptance of which was not discretionary with the court, the fact that the limit of liability of the insurer was less than the amount of the judgment not being ground for refusal to approve the insurance as a stay bond (CL 1948, § 522.33a).

Mandamus by Harold E. Mayne against James E. O'Neill, Saginaw Circuit Judge, to compel acceptance of insurance policy to stay proceeding on judgment. Submitted May 26, 1953. (Calendar No. 45,681.) Writ granted October 5, 1953.

*Humphreys Springstun* (*H. Monroe Stanton,* of counsel), for plaintiff.

*Ralph M. Freeman* and *Albert A. Smith,* for defendant.

BOYLES, J. This is an original proceeding in this Court for mandamus to compel the defendant circuit judge to approve an insurance policy and acceptance of liability thereunder by the insurer as a stay bond, on an appeal to this Court.

REFERENCES FOR POINTS IN HEADNOTES

Generally as to amount of stay bonds on appeal, see 3 Am Jur, Appeal and Error § 492.

Petitioner is a practicing physician against whom one Florence Nash obtained a judgment for $25,000 in a suit for misfeasance in the practice of his profession. Petitioner claimed an appeal from such judgment and proffered to the circuit judge an insurance policy which purports to defend him and pay damages in any suit against him based on professional services, together with an unconditional admission of liability by the insurer to pay such judgment to the extent of the coverage in the policy, $5,000, if affirmed by this Court. The circuit judge entered an order denying petitioner's application for approval of such stay bond.

The court was in error. The statute expressly requires the court to accept the policy and the acknowledgment by the insurer, as a stay bond. CL 1948, § 522.33a (Stat Ann 1943 Rev § 24.297). The insurer's unconditional acknowledgment of its liability on the policy, as applied to this particular judgment, negatives the court's ground for refusal, namely, that the policy does not include liability in the case. Furthermore, acceptance was not discretionary with the court. *Central Mutual Ins. Co. of Chicago v. Kalamazoo Circuit Judge,* 278 Mich 221. The fact that the limit of liability of the insurer was less than the amount of the judgment is not ground for refusing to approve the insurance as a stay bond. *Checker Mutual Automobile Ins. Co. v. Wayne Circuit Judge,* 330 Mich 553.

Writ granted.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSH-NELL, SHARPE, and REID, JJ., concurred.