## UDAY *v.* CITY OF DEARBORN.

1. APPEAL AND ERROR—ABANDONMENT OF ARGUMENT.

   Plaintiff property owners' argument that zoning ordinance was an unreasonable exercise of police power had not been abandoned, where it is claimed the ordinance is not legal and that plaintiffs' rights are unconstitutionally invaded.

2. MUNICIPAL CORPORATIONS—ZONING—RECIPROCAL NEGATIVE EASEMENTS.

   A city zoning ordinance may not interfere with, abrogate or annul any easements, covenants or other valid agreements with respect to the use of land nor impair building restrictions, such as reciprocal negative easements, involved in conveyances (Dearborn Zoning Ordinance No 33, § 104).

3. SAME—ZONING ORDINANCE—PRESUMPTIONS.

   A zoning ordinance is presumed valid as it comes to the Supreme Court.

4. SAME—ZONING ORDINANCE—BURDEN OF PROOF.

   The party attacking a zoning ordinance as an arbitrary and unreasonable restriction upon an owner's use of his property has the affirmative burden of so showing.

5. SAME—ZONING—OFF-STREET PARKING ORDINANCE.

   City ordinance, amendatory of zoning ordinance, permitting use of 125-foot band of land surrounding established business district for off-street parking purposes for customers' vehicles and requiring such places as were to be devoted to such use to be lighted, paved and barricaded when not in use and not to be open for entrance or exit from residential streets, *held*, not arbitrary or unreasonably restrictive of an owner's use of his property, the wisdom of such ordinance being a matter for determination by the legislative body of the city, not the courts (Dearborn Zoning Ordinance No 33, art 5, § 501.127).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted April 9, 1959. (Docket No. 26, Calendar No. 47,790.) Decided June 6, 1959.

REFERENCES FOR POINTS IN HEADNOTES

[2] 14 Am Jur, Covenants, Conditions and Restrictions § 299.
[5] 58 Am Jur, Zoning §§ 21–23.

Bill by Earl Uday and June Uday against the City of Dearborn to invalidate portion of zoning ordinance. Bill dismissed. Plaintiffs appeal. Affirmed.

*James Thomson,* for plaintiffs.

*Ralph B. Guy, Jr.,* Corporation Counsel, and *Carl P. Garlow,* Assistant Corporation Counsel, for defendant.

SMITH, J.   We think a fair summation of appellant's position is that the ordinance before us, an amendment to Dearborn zoning ordinance No 33, relating to off-street parking, is an unreasonable exercise of the police power. This is not stated in so many words. Rather it is said that the ordinance is not "legal," and that "the rights of owners of property are unconstitutionally invaded" by the ordinance by reason of its provisions, which will be examined in due course. We mention this at the outset in view of appellees' argument that plaintiffs, on appeal, have abandoned their argument as to the reasonableness of the ordinance. We do not so interpret the arguments made.

The problem arises, briefly stated, through the efforts of the community to protect its citizens from traffic hazards in the business district and the businesses therein from economic strangulation. We are told that if potential customers cannot park reasonably near a store, trade is lost to competitors with more convenient parking facilities. The personal injury hazard in the congested business areas requires no elaboration from us.

The city of Dearborn, defendant and appellee herein, sought to meet this problem in 3 ways: The first 2 (relating to parking facilities for new businesses, and to revisions of existing parking regula-

tions) do not concern us. The third does, and is challenged here. It permits businesses to use adjoining residential land, if it can be obtained, for off-street parking facilities. We rely upon the trial chancellor's opinion for the provisions thereof.

"The ordinance in pertinent part provides:

" 'That article 5 ordinance 33, entitled "Zoning Ordinance," as amended, be and it is hereby further amended by adding thereto 4 new sections to be numbered 501.127, 501.223, 501.323, and 501.424, which new sections will read as follows:

" 'Sec. 501.127. A parking space for the parking of noncommercial motor vehicles, or commercial motor vehicles weighing not more than 4,000 pounds, if operated by customers of business in adjoining business district, as an accessory use to such adjoining business district, but not further than 125 feet measured at right angles from the residential property line adjacent to such business district may be permitted; provided, however, that such parking space shall be subject to the following requirements:

" '1. No repairs or service to vehicles and no display of vehicles for purposes of sale shall be carried on or permitted upon such premises.

" '2. No advertising signs shall be erected on the premises. * * *

" '3. All land between the boundaries of the parking lot and the barriers hereinafter referred to, as well as the surface of the parking area, shall be kept free from tall grass, weeds, rubbish, refuse and debris, and shall be landscaped to conform with the neighborhood.

" '4. The parking surface shall be covered with a pavement. * * *

" '5. When lighting facilities are used, reflectors shall be installed to reflect the light away from adjacent residence areas.

" '6. Side yards shall be maintained for a space of 6 feet between the side lot property lines of adjoining lots and the parking area. * * *

" '7. A barrier consisting of a solid masonry wall or curb or a steel guard rail not over 18 inches high and not less than 6 inches above the grade as established by the city shall be maintained along the side or sides of the parking area.   *   *   *

" '8. Entrance to or exit from such area shall be only from the adjoining principal use or adjoining alley, and shall not open onto any residential street.

" '9. It shall be unlawful for any person to leave, park or store any motor vehicle or to permit any motor vehicle to be left or parked on any open land set aside for vehicle parking space as herein provided for a period longer than 18 hours   *   *   *   and it shall be unlawful to permit the storage or parking on such open land of wrecked or junked cars, or creating a junk yard or a nuisance in or upon such area.   *   *   *

" '10. During the time said lot is closed and not available for the parking thereon of motor vehicles, a suitable chain or gate shall be placed across every exit.   *   *   *

" '11. If the proposed parking space is located between 2 residences which space is less than 35 feet in width after allowing for necessary side yards, no parking of motor vehicles as hereinabove described shall be permitted.' "

The bill of complaint was brought on behalf of certain property owners. The principal objections made are that the ordinance violates existing restrictive covenants, that it will "destroy the residential character of the respective residential zoned neighborhoods in which our plaintiffs reside," that it creates in a residential district a use accessory to and for the benefit of a business district, and that it "seeks to confiscate a valuable property right of the plaintiffs without due process of law and without compensation." The trial chancellor found in defendant's favor and decreed accordingly.

As to plaintiffs' assertion of "conflicts between the provisions of the amendment to the zoning ordinance and plaintiffs' reciprocal negative easement" suffice it to say that section 104 of zoning ordinance No 33 itself precludes such conflict, it providing, in part, that:

"In interpreting and applying the provisions of this ordinance, * * * *'Nor is it intended by this ordinance to interfere with or abrogate or annul any easements, covenants or other agreements between parties.'"

It is pertinent, moreover, that our Court considered this point in *Phillips* v. *Lawler*, 259 Mich 567, 570, stating, in part:

"The action of the legislative authority of the city, in relation to the restrictions imposed by the zoning ordinance of the city of Lansing, cannot be considered as impairing in any way the building restrictions involved in the deeds in question. To so consider it would be to permit the legislative authority of the city to impair the obligation of the contract entered into between the parties to the conveyance."

We come now to the reasonableness of the ordinance, assuming, as we have, that it has been questioned. Plaintiffs' principal witness testified (upon what basis does not appear) that the effect of the ordinance in question would be to reduce the value of the plaintiffs' property, wherever located, by a flat 50%. Defendant's witnesses testified as to the nature of the problems presented and the community's attempted solutions, heretofore described. The basic question, well put by the trial chancellor, is "whether the ordinance in question is a reasonable exercise of the police power designed reasonably to promote the public health, safety, and general welfare of the people of the city of Dearborn." We have recently

had occasion to examine this question in considerable detail in the case of *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425, quoted in pertinent part (pp 430–432) by the chancellor below:

"This Court does not sit as a superzoning commission. Our laws have wisely committed to the people of a community themselves the determination of their municipal destiny.   *   *   *   With the wisdom or lack of wisdom of the determination we are not concerned. The people of the community, through their appropriate legislative body, and not the courts, govern its growth and its life.   *   *   *   It is not our function to approve the ordinance   *   *   *   as to wisdom or desirability.   *   *   *   We do not substitute our judgment for that of the legislative body. *   *   *

" 'Unless it can be shown that the council acted arbitrarily or unreasonably, their determination is final and conclusive and no court may alter or modify the ordinance as adopted.'   *   *   *

"It is a necessary corollary   *   *   *   that the ordinance comes to us clothed with every presumption of validity,   *   *   *   and it is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property."

Tested by these standards the plaintiffs' case must fall. We are not passing upon the wisdom of Dearborn's solution, since such is not our function. It is clear to us, however, that the legislative body has not acted arbitrarily nor has it unreasonably restricted any owner's use of his property. There has been no rebuttal of the presumption of validity clothing the ordinance.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.