WOLODZKO v. WAYNE CIRCUIT JUDGE.

1. Courts—Statutes—Procedure—Court Rules.
    A statutory rule of procedure that is not in conflict with any court rule is an effective rule of court exactly as if written by the Supreme Court (Const 1963, art 6, § 5; GCR 1963, 16).

2. Same—Court Rules—Statutes.
    Procedural rules of court, whether prescribed by statute or the Supreme Court are not exempt from the constitutional test as to equal protection of laws (Const 1963, art 6, § 5).

3. Appeal and Error—Insurance Policy—Appeal Bond—Stay of Execution—Less Than Amount of Judgment.
    Statutory rule of procedure authorizing the filing of a copy of an insurance policy or bond of an insurance or surety company authorized to do business in this State in lieu of an appeal bond or bond to stay execution held, not unconstitutional as a denial of equal protection even though the instrument filed was less than the judgment from which the appeal had been taken, where such procedural rule was not in conflict with any court rule (Const 1963, art 6, § 5; CLS 1961, § 500-.3036, GCR 1963, 16).

4. Constitutional Law—Equal Protection.
    The equal protection clause of the State Constitution affords the same rights as the equal protection clause of the Constitution of the United States (US Const, Am 14, § 1; Mich Const 1963, art 1, § 2).

5. Appeal and Error—Stay of Execution—Amount of Judgment Greater Than Liability Under Insurance Policy.
    Denial of stay of proceedings in an action arising out of an automobile accident wherein plaintiff had obtained a judg-

---

References for Points in Headnotes

[1, 2] 20 Am Jur 2d, Courts § 84 et seq.
[3] 4 Am Jur 2d, Appeal and Error § 323 et seq.
[4] 16 Am Jur 2d, Constitutional Law § 489.
[5, 6] 4 Am Jur 2d, Appeal and Error § 364 et seq.

ment for $30,000 *held,* error, where the insurer of judgment defendant had filed a copy of an insurance policy for $10,000, the desirability of carrying liability insurance in some amount for the protection of the public being a sufficient reason for the special treatment accorded such an appellant (CLS 1961, § 500.3036; GCR 1963, 16).

6. COSTS—STAY OF PROCEEDINGS PENDING APPEAL.
   No costs are allowed plaintiff in proceeding to obtain an order of superintending control to obtain a stay of proceedings which had been improperly denied by circuit court and such denial had been affirmed by the Court of Appeals and an entry of order granting stay is directed to be entered.

Appeal from Court of Appeals, Division 1, T. John Lesinski, C. J., and J. H. Gillis and Quinn, JJ., denying to Joseph Wolodzko an order of superintending control requesting an order by Benjamin D. Burdick, Wayne County Circuit Judge, directing a stay of execution. Submitted June 4, 1969. (Calendar No. 7, Docket No. 52,161.) Reversed and remanded for entry of order staying proceedings September 3, 1969.

*Moll, Desenberg, Purdy, Glover & Bayer,* for plaintiff.

*Kelman, Loria, Downing & Schneider,* for defendant.

BLACK, J. In 1935, by PA 45, the legislature amended the then insurance code[1] by adding a new section 33a, "to follow section 12460 of the compiled laws of 1929." Section 33a is now section 3036 of the insurance code of 1956 (PA 1956, No 218 [CLS 1961, § 500.3036, Stat Ann 1957 Rev § 24.13036]). It reads:

"Sec. 3036. Whenever an appeal is taken from any judgment in any case wherein it shall appear to the

---

[1] PA 1917, No 256, pt 3, ch 2.—REPORTER.

court that all or a part of the particular liability of the appellant thereunder is insured against, in and by any surety company or insurance carrier, authorized to do such business in Michigan, and the court is satisfied of the applicable coverage of such policy or suretyship, it shall not be required of the appellant to provide any appeal bond or bond to stay execution pending such appeal, but such insurance carrier or surety company may be required by the court and is hereby given authority to execute its written recognizance to the opposite party or parties for the payment of the taxable costs of such appeal: Provided, Such surety company or insurance carrier shall deposit with said court a copy of said insurance policy or bond and shall admit its liability thereunder, and agree to pay such judgment against its insured, if any, as shall be affirmed by said appellate court, but not exceeding the amount of the liability under said policy or bond; and in such case the court having jurisdiction thereof, on its own motion, may enter judgment against said surety company or carrier to such extent without further proceedings."

Over the years the applicability of this statutory provision, to circumstances as now at bar, has been controverted and reviewed 3 times. See *Central Mutual Ins. Co. of Chicago* v. *Kalamazoo Circuit Judge* (1936), 278 Mich 221; *Checker Mutual Automobile Ins. Co.* v. *Wayne Circuit Judge* (1951), 330 Mich 553; and *Mayne* v. *Saginaw Circuit Judge* (1953), 337 Mich 425. Today's question, brought here on granted application for leave to appeal (381 Mich 784), is whether section 3036, which plaintiff proposes to utilize for a stay of execution pending appeal from a judgment entered against him in favor of one Ethel K. Stowers, invidiously discriminates against Mrs. Stowers.

The "amount of the liability under said policy," referring to the liability policy plaintiff has prof-

fered under section 3036, is limited to $10,000. The amount of the judgment possessed by Mrs. Stowers is $30,000.

The trial judge, deeming section 3036 unconstitutional for application to plaintiff's said appeal, denied a stay. So did the Court of Appeals, by order without opinion.

Section 3036 designates a class of appellants which, by the fact of purchase and maintenance of liability insurance, or of having obtained a qualifying bond (of suretyship), is entitled to employ such insurance (or bond) for the purpose of staying proceedings on appeal. Since the section is not in conflict with any rule of court, GCR 1963, 808[2] and 853[3] included, it, with presently quoted sections of the RJA of 1961, constitutes an effective rule of Court exactly as if written into our rule book. See *Darr* v. *Buckley* (1959), 355 Mich 392 and *Perin* v. *Peuler* (On Rehearing, 1964), 373 Mich 531.

This does not mean that rules of court are exempt from constitutional test. It does mean that we are dealing with a question of appellate procedure, the promulgation as well as control of which is vested constitutionally with the judicial branch. We therefore approach the constitutional issue with that fact in mind.

Does section 3036 violate Mrs. Stowers' right to equal protection because, in its application here, she is receiving *pendente* the protection of a $10,000 stay bond only when her judgment amounts to $30,000? The answer may be found by arraying, with that section, 3 additional sections of the revised judicature act, reading in order as follows:

"Sec. 2605. If the party applying for a stay of proceedings is unable to give a stay bond by reason

---

[2] See 378 Mich lviii–lxi.—REPORTER.
[3] See 378 Mich lxxxviii–xci.—REPORTER.

of poverty, the judge may, upon due proof of inability for such reason, grant such stay without requiring such bond upon such conditions and for such reasonable time as the judge may determine." (CLS 1961, § 600.2605 [Stat Ann 1962 Rev § 27A.2605]).

"Sec. 2611. In any suit or proceeding in which the state, or any state officer duly authorized for that purpose, or any corporate body in charge of any state institution, or any municipal corporation, is a party, no bond shall be required to be given by any such party as a prerequisite to the taking of an appeal, or the making of an order staying proceedings." (CLS 1961, § 600.2611 [Stat Ann 1962 Rev § 27A.2611]).

"Sec. 2615. No bond, obligation, or security may be required of the state of Michigan, or of any of its departments, institutions or subdivisions in any action instituted by or in which the state of Michigan or any of its departments, institutions or subdivisions is a party, or for the issuance of any warrant or levying of any execution on behalf of said parties." (CLS 1961, § 600.2615 [Stat Ann 1962 Rev § 27A.2615]).

Each of the quoted sections, section 3036 specifically included, exhibits a valid reason for providing the same benefit for the class which the section protects. Each makes provision for entire exemption, should the appellant qualify thereunder, from execution or other process of enforcement pending appeal. Different reasons support the provided right. But all are relevant to achievement of the common legislative purpose and enactment which, by GCR 1963, 16, we have adopted. That purpose, made clear by each section, is and has been freedom from harassment, pending appeal, of specific appellants the situation of whom qualifies each for special treatment according to the permissibly discretionary

judgment of a legislative assembly. That this Court, armed and charged as it is with the powers and duties written into Const 1963, art 6, § 5, might—without offending the Fourteenth Amendment—repeal all 4 sections, and then re-enact them as effective rules of Court, goes without saying. Section 3036 accordingly is valid as against the defendant's appeal to the principle of equal protection.

Poverty is a nonarbitrary reason for the special treatment section 2605 provides. The desirability of carrying liability insurance for the protection of the public, in some amount, and the encouragement thereof which section 3036 exhibits, is yet another. Avoidance of interference with governmental operations, by issuance of writs of execution pending appeal, is a corresponding reason for the exemption provided by sections 2611 and 2615.

The rule to which Michigan has committed her own equal protection clause (now appearing in Const 1963, art 1, § 2) appears succinctly in *McGowan* v. *Maryland* (1961), 366 US 420, 425, 426 (81 S Ct 1101, 6 L Ed 2d 393):

"The standards under which this proposition is to be evaluated have been set forth many times by this Court. Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts rea-

sonably may be conceived to justify it.   [Citing cases.]"[4]

For our commitment of Michigan's guarantee of equal protection to the standards of the Fourteenth Amendment, see *Gauthier* v. *Campbell, Wyant & Cannon Foundry Company* (1960), 360 Mich 510, 514; *Fox* v. *Employment Security Commission* (1967), 379 Mich 579, 588, and cases therein cited. The trial judge, and the Court of Appeals in turn, erred in refusing to grant present plaintiff Wolodzko an order staying proceedings under section 3036.[5] The respective judgments below are therefore reversed with remand for entry of such an order.   No costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

---

[4] Footnote 3, appended below the quoted text, reads as follows:

"[3] More recently we declared:

"'The problem of legislative classification is a perennial one, admitting of no doctrinaire definition. Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. *Tigner* v. *Texas* (1940), 310 US 141 (60 S Ct 879, 84 L Ed 1124). Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. *Semler* v. *Oregon State Board of Dental Examiners* (1935), 294 US 608 (55 S Ct 570, 79 L Ed 1086). The legislature may select one phase of one field and apply a remedy there, neglecting the others. *American Federation of Labor* v. *American Sash & Door Co.* (1949), 335 US 538 (69 S Ct 258, 93 L Ed 222). The prohibition of the equal protection clause goes no further than the *invidious discrimination.' Williamson* v. *Lee Optical of Oklahoma, Inc.* (1955), 348 US 483, 489 (75 S Ct 461, 99 L Ed 563, 573).   (Emphasis added.)"

[5] The bench and bar are respectfully advised that the Court is considering adoption of a *prospectively effective new rule of court,* purposed toward superseding section 3036 by providing greater protection for the appellee, pending appeal, when his judgment as to amount exceeds twice the amount of the appellant's liability coverage.

[See Michigan Law Revision Commission, Fourth Annual Report, 1969, Insurance Policy In Lieu of Bond, pp 59, 60. Also, see Responsible Reform, Defense Research Institute, Inc., 1969, No 8, p 28, Modification of Appeal Bond Procedures.—REPORTER.]