McMILLAN v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 78-3557. Submitted December 12, 1979, at Detroit.—Decided March 5, 1980.

Tamara McMillan, a minor, was injured in an automobile accident. Patricia McMillan, her mother, obtained an arbitration award, on behalf of herself and her daughter, against the Detroit Automobile Inter-Insurance Exchange (DAIIE) under the provisions of two insurance policies. The award was certified in the Wayne Circuit Court. DAIIE appealed the decision of the court refusing to modify the award, alleging that the award was based on the improper stacking of the two policies. Patricia McMillan obtained a writ of garnishment in the Oakland Circuit Court against certain assets of DAIIE. Upon motion of DAIIE, the Oakland Circuit Court, Francis X. O'Brien, J., quashed the writ in an *ex parte* order, holding that the proffering of the two policies stayed the proceedings pending appeal. Mrs. McMillan appeals. *Held:*

The statutory provision for a stay, without bond, of proceedings pending appeal for "insured liability" requires 1) the deposit of a copy of the policy with the court, 2) admission of liability under the policy, and 3) agreement to pay the judgment against the insured as it may be affirmed on appeal and does not apply to appeals by an insurer of judgments against it, directly, upon policies of insurance.

Reversed.

APPEAL AND ERROR — STAY OF PROCEEDINGS PENDING APPEAL — INSURANCE — STATUTES.

The statutory provision for a stay, without bond, of proceedings pending appeal for "insured liability" requires 1) the deposit of a copy of the policy with the court, 2) admission of liability

REFERENCES FOR POINTS IN HEADNOTE
[1] 44 Am Jur 2d, Insurance § 1537.

Liability insurer's duty to pay injured person as affected by appeal or grant of new trial, from judgment against insured, or by the fact that time for appeal or for new trial has not expired. 31 ALR3d 899.

under the policy, and 3) agreement to pay the judgment against the insured as it may be affirmed on appeal and does not apply to appeals by an insurer of judgments against it, directly, upon policies of insurance (MCL 500.3036; MSA 24.13036).

*William L. Fisher,* for plaintiff.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

PER CURIAM. Plaintiffs obtained a writ of garnishment on the defendant's assets in Oakland County while the defendant appealed a decision of the Wayne County Circuit Court refusing to modify an arbitration award. Upon motion by the defendant, the writ was quashed *ex parte.* Upon rehearing, the Oakland County Circuit Court refused to rescind that order. Plaintiffs appeal as of right.

Under GCR 1963, 808.1, the initiation of the appellate process does not operate as a stay of execution unless and until a bond is filed. A statutory exception to the bond requirement is provided in MCL 500.3036; MSA 24.13036, which permits an appellant to file an insurance policy if the liability is one that is "insured against". Defendant insurer in the present case utilized this provision and filed two insurance policies in lieu of bond. We find that the statute is inapplicable to the defendant.

The language of MCL 500.3036; MSA 24.13036, provides that:

"When an appeal is taken from a judgment in a case where it appears to the court that all or a part of the particular liability of the appellant is insured against by a surety company or insurance carrier authorized to do business in this state, and the court is satisfied of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

coverage of the policy or suretyship, the court shall not require the appellant to provide an appeal bond or bond to stay execution pending an appeal up to the amount of the coverage of the policy or suretyship. The insurance carrier or surety company may be required by the court and is given authority to execute its written recognizance to the opposite party or parties for the payment of the taxable costs of the appeal. The surety company or insurance carrier shall deposit with the court a copy of the insurance policy or bond and shall admit its liability thereunder, and agree to pay a judgment against its insured, if any, as shall be affirmed by the appellate court, but not exceeding the amount of the liability under the policy or bond; and the court having jurisdiction thereof, on its own motion, may enter judgment against the surety company or carrier without further proceedings. If the amount of judgment exceeds the amount of coverage of the policy or suretyship, the court shall grant a stay of execution upon the filing of a bond by the appellant for the difference."

Therefore, under this provision, no bond is required if the insurer (1) deposits with the court a copy of the policy, (2) admits its liability under the policy, and (3) agrees to pay such judgment against the insured as may be affirmed by the appellate court.[1] 2 Michigan Law & Practice, Appeal, § 158, p 26.

The issue here, however, is whether or not an

---

[1] Although not necessary to our decision herein, we note that while the defendant has filed copies of the policies with the court, there has been no admission of liability thereunder. On the contrary, defendant is appealing the arbitration award on the basis that the final award was improperly stacked. Although the defendant stated at the hearing on July 25, 1978, that the statutory requirements had been met because liability under the policies had been admitted, this cannot possibly hold for the second insurance policy which the defendant claims has been wrongfully considered. In the appeal in Wayne County, defendant is contesting, not admitting, the liability under the second insurance policy. Therefore, if the statute were applicable to the defendant, the insurer still should have filed a bond to the extent of the $40,000 judgment in excess of the amount of the first uncontested insurance policy of $20,000.

insurance company fits within the class of "appel-lants" designated by the statute.

The wording of the statute itself defines the scope of its applicability. The statute provides that no bond need be filed whenever the "liability of the appellant is insured against by * * * [an] insurance carrier". The insurance company is the "appellant" for purposes of this statute, so that its liability must be insured against. Clearly, the de-fendant's liability does not meet the requirements of the statute. The defendant is primarily liable on those policies, and the statute applies only to those parties whose liability is insured against. Merely because an insurance policy is involved in the case at hand, one cannot automatically conclude that the statute is applicable when the statutory lan-guage speaks otherwise. A plain reading of the statute indicates that the defendant does not fit within its scope.

A review of the limited number of cases that have discussed MCL 500.3036; MSA 24.13036, or its predecessor, MCL 522.33a; MSA 24.297, also suggests that the defendant insurer is not a proper party to utilize the statutory provision. In deciding upon the constitutionality of MCL 500.3036; MSA 24.13036, the Supreme Court examined the limits of the provision's applicability in *Wolodzko v Wayne Circuit Judge,* 382 Mich 528; 170 NW2d 9 (1969). The Court stated that:

"Section 3036 designates a class of appellants which, by the fact of purchase and maintenance of liability insurance, or of having obtained a qualifying bond (of suretyship), is entitled to employ such insurance (or bond) for the purpose of staying proceedings on appeal." 382 Mich 528, 531.

An insurance company does not fit within this

class of appellants. The defendant is primarily liable on the insurance policies so that its liability is not "insured against". The defendant did not purchase or maintain the insurance policies that it attempted to utilize in lieu of bond.

Based on the explicit language of the statute, the defendant does not fit within its scope. We find that the trial court's interpretation of MCL 500.3036; MSA 24.13036, is not in accord with its plain meaning. The lower court erred in denying the plaintiffs' motion to vacate the quashing of the writ of garnishment.

The decision of the circuit court is reversed. Costs to plaintiffs.