BELANGER v CHESTERFIELD TOWNSHIP

Docket No. 43089. Submitted December 17, 1979, at Detroit.—Decided April 2, 1980. Leave to appeal applied for.

Plaintiff, Eugene Belanger, filed suit in the Macomb Circuit Court against defendants, Chesterfield Township and its Board of Trustees, seeking a declaration that one of the township's ordinances was unconstitutional and for injunctive relief. The ordinance in question limited parking in a residential area to vehicles with a gross vehicle weight of 20,000 pounds or less. The same ordinance defined residential areas to include all platted subdivisions in which more than half of the lots are used for single-family dwellings but specifically excluded subdivisions and in which more than half of the lots are more than one acre and have more than a 125-foot frontage. The trial court, George R. Deneweth, J., granted summary judgment for defendants for failure to state a claim. Plaintiff appeals. *Held:*

The regulation of parking is within the scope of the regulatory police power of a township. It bears a substantial relation to the public health, welfare, safety and morals and constitutes a legitimate governmental purpose. A regulation classification is violative of the equal protection safeguard if it rests on grounds wholly irrelevant to the achievement of a legitimate governmental objective. The ordinance bears a rational and substantial relation to the public health, safety and welfare.

Affirmed.

1. CONSTITUTIONAL LAW — POLICE POWER — TOWNSHIPS — PARKING.
   The regulation of parking is within the scope of the regulatory police power of a township; it bears a substantial relation to the public health, welfare, safety and morals and constitutes a legitimate governmental purpose.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 438, *et seq.,* 481.
   Regulation and licensing of privately owned parking places. 29 ALR2d 860.
[2] 16 Am Jur 2d (Rev), Constitutional Law § 251.
   16A Am Jur 2d, Constitutional Law §§ 749, 786, 787.

2. Constitutional Law — Equal Protection — Classification —
     Burden of Proof.
     A regulation classification by a municipality is violative of the
     equal protection safeguard if it rests on grounds wholly irrele-
     vant to the achievement of a legitimate governmental objective;
     the party assailing such a classification has the burden of
     showing that it is essentially arbitrary.

3. Constitutional Law — Equal Protection — Police Power —
     Townships — Parking.
     A township ordinance prohibiting the parking of large, heavy
     vehicles on private property in those areas of the township
     with the greatest number of residents or closely situated lots is
     reasonable and not violative of equal protection; it bears a
     rational and substantial relation to the public health, safety
     and welfare.

*John J. Kraus, Jr.,* for plaintiff.

*Anthony, Hearsch, Biernat, Bucci & Golski,* for
defendant.

Before: D. C. Riley, P.J., and R. B. Burns and
D. E. Holbrook, Jr., JJ.

D. E. Holbrook, Jr., J. Plaintiff appeals as of
right the granting of summary judgment in favor
of defendants pursuant to GCR 1963, 117.2(1) (fail-
ure to state a claim). His fourth amended com-
plaint sought injunctive relief in addition to a
judgment declaring the unconstitutionality of Sec-
tion 5 of the Chesterfield Township Ordinance No.
64, which provides:

"Subject to the provisions of Act 300, Public Acts of
1949, as amended, the parking of a motor vehicle, the
gross vehicle weight of which exceeds twenty thousand
(20,000) pounds, in a residential area is prohibited."

Section 4.1 defines "gross vehicle weight" as the
empty vehicle plus the manufacturer's rated maxi-

mum load carrying capacity weight. Section 4.8 defines "residential areas" to include all platted subdivisions in which more than half of the lots are used for single-family dwellings but specifically excludes subdivisions in which more than half of the lots are more than one acre in area and have frontage on a road more than 125 lineal feet per lot.

Plaintiff claims the ordinance is unconstitutional in that it (1) prohibits the parking of vehicles capable of carrying large weights but permits the parking of all other large vehicles; and (2) unlawfully permits the parking of large vehicles in certain residential lands while prohibiting their parking in other residential lands.

The regulation of all street parking is within the scope of defendants' regulatory police power. It bears a substantial relation to the public health, welfare, safety and morals and, therefore, constitutes a legitimate government purpose. *Uday v City of Dearborn*, 356 Mich 542; 96 NW2d 775 (1959), *Sisters of Bon Secours Hospital v City of Grosse Pointe*, 8 Mich App 342, 358, 359; 154 NW2d 644 (1967).

Accepting all of plaintiff's allegations as true, his claim of unlawful discrimination is still unenforceable as a matter of law. The gross vehicle weight method of classification is neither arbitrary nor unreasonable. The equal protection safeguard of the Michigan Constitution is offended only if the classification rests on grounds wholly irrelevant to the achievement of the governmental objective. A party assailing a classification has the heavy burden of showing that it is essentially arbitrary. *Forest v Parmalee*, 402 Mich 348; 262 NW2d 653 (1978), *Wolodzko v Wayne Circuit Judge*, 382 Mich 528; 170 NW2d 9 (1969).

The parking of large, heavy vehicles on private residential property may cause impeded ingress and egress by emergency vehicles. It can create unsafe traffic conditions for traffic and pedestrians. Furthermore, the vehicle's noise level, exhaust emissions and appearance may impair public health and welfare. It is reasonable for a municipality to determine that those subdivisions with the greatest number of residents or closely situated lots are the most vulnerable to such harm. The ordinance is not confiscatory as it permits alternative uses of the property.

A legislative body is not constrained to adopt an all or nothing approach. In an area where there is a perceived need for experimentation, it may proceed in a piecemeal fashion. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 672; 232 NW2d 636 (1975). We find that the ordinance bears a rational and substantial relation to the public health, safety and welfare. Summary judgment is a proper device to dispose of a constitutional challenge to an ordinance. *Rogowski v Detroit,* 374 Mich 408; 132 NW2d 16 (1965), *Renne v Waterford Twp,* 73 Mich App 685; 252 NW2d 842 (1977).

Affirmed. No costs, a public question being involved.